UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. LAWS,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN LAWS, et al.,<br><br>    Defendants. | No. 2:17-cv-00369-TLN-AC<br><br>**ORDER** |

This matter is before the Court pursuant to Plaintiff's "Affidavit for Temporary Injunctive Relief." (ECF No. 13.) In light of Plaintiff's *pro se* status, the Court construes this as a motion for a temporary restraining order ("TRO"). For the reasons discussed below, Plaintiff's motion is DENIED.

**I.    INTRODUCTION**

On February 21, 2017, Plaintiff filed a complaint. (ECF No. 1.) He alleges as follows:

> "I am the trustee for the Medora D. Laws Trust, filed in the Superior Court in Solano County, FPR045231. The court, without Due Process of Law ordered that the trustee be removed and that the defendant become successor trustee and that the trustee's personal real estate be returned to the trust and sold.

(ECF No. 1 at 5.)

On June 12, 2017, Plaintiff filed his affidavit requesting a temporary restraining order. (ECF No. 13.) In his affidavit, Plaintiff indicates that Defendant Carolyn Laws has "filed a

1

request for elisor in the . . . Superior Court on May 17, 2017 to have the property in question in this case returned to the trust to be sold." (ECF No. 13 at 1.) He further indicates that a hearing is scheduled in that case on June 26, 2017. (ECF No. 13 at 1.) Plaintiff requests a TRO "enjoining and restraining the defendant from interfering with or proceeding with any action in the Superior Court, as this case is pending in Federal Court." (ECF No. 13 at 2.)

## II. LEGAL STANDARD

The same legal standard applies to both preliminary injunctions and temporary restraining orders. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), *overruled on other grounds*, *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008). Preliminary injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).

Plaintiff must show four things to receive a preliminary injunction or temporary restraining order. *Winter*, 555 U.S. at 20. First, Plaintiff must show that he is likely to suffer irreparable harm in the absence of preliminary relief. *Id*. Second, Plaintiff must show that he is likely to succeed on the merits. *Id*. Third, Plaintiff must show that the balance of equities tips in his favor. *Id*. Finally, Plaintiff must show that an injunction is in the public interest. *Id*. Plaintiff must "make a showing on all four prongs" of *Winter* to obtain a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In the Ninth Circuit, courts apply a sliding-scale approach. *Id.* Under this approach, a preliminary injunction may issue where Plaintiff has raised "serious questions on the merits" — rather than a more complete showing that he is likely to succeed on the merits — so long as the balance of hardships tips sharply in his favor and he satisfies the other two *Winter* prongs. *Id.*

## III. DISCUSSION

Plaintiff's motion fails both procedurally and substantively. Procedurally, Plaintiff has not complied with Eastern District Local Rule 231, which governs temporary restraining orders. Rule 231 requires, among other things, that the party seeking a temporary restraining order file the following documents with the Court:

> (1) a complaint; (2) a motion for temporary restraining order; (3) a brief on all relevant legal issues presented by the motion; (4) an affidavit in support of the existence of an irreparable injury; (5) an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given . . .; (6) a proposed temporary restraining order with a provision for a bond . . .; (7) a proposed order with blanks for fixing the time and date for hearing a motion for preliminary injunction, the date for filing the responsive papers, the amount of the bond, if any, and the date and hour of issuance . . .; and (8) in all instances in which a temporary restraining order is requested <u>ex parte</u>, the proposed order shall further notify the affected party of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow."

L.R. 231(c). Plaintiff has not filed all of the required items. For example he has not filed "a brief on all relevant legal issues presented by the motion." *Id.* Additionally, his proposed order does not comply with Local Rule 231(c)(7). His motion may be denied on these grounds alone. *See Holcomb v. California Bd. of Psychology*, No. 2:15-cv-02154-KJM-CKD, 2015 WL 7430625, at *3 (E.D. Cal. Nov. 23, 2015) (indicating the Court had previously denied "plaintiff's motion without prejudice for failure to provide the required documents in compliance with Local Rule 231(c)").

Substantively, Plaintiff's request also falls short. None of Plaintiff's submissions discuss, let alone show, the balance of equities tips in his favor or that an injunction is in the public interest. It follows that Plaintiff cannot "make a showing on all four prongs" of *Winter*. *Alliance for the Wild Rockies*, 632 F.3d at 1135. The Court need not analyze each prong of *Winter* where Plaintiff clearly cannot carry his burden. *Martin v. Select Portfolio Servicing, Inc.*, No. 2:16-cv-01860-TLN-KJN, 2016 WL 4211520, at *5 (E.D. Cal. Aug. 10, 2016). In short, Plaintiff has not satisfied *Winter* and his motion must be denied.

**IV. CONCLUSION**

For the reasons discussed above, Plaintiff's motion for a temporary restraining order (ECF No. 13) is hereby DENIED without prejudice.

IT IS SO ORDERED.

Dated: June 13, 2017

Troy L. Nunley
United States District Judge

3