UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. LAWS,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN LAWS,<br><br>        Defendant. | No. 2:17-cv-00369-TLN-AC<br><br>**ORDER** |

This matter is before the Court pursuant to Plaintiff's "Motion for Temporary Injunction." (ECF No. 22.) In light of Plaintiff's *pro se* status, the Court construes this as a motion for a temporary restraining order ("TRO"). For the reasons discussed below, Plaintiff's motion is DENIED.

**I.   INTRODUCTION**

On February 21, 2017, Plaintiff filed a complaint. (ECF No. 1.) He alleges as follows:

> "I am the trustee for the Medora D. Laws Trust, filed in the Superior Court in Solano County, FPR045231. The court, without Due Process of Law ordered that the trustee be removed and that the defendant become successor trustee and that the trustee's personal real estate be returned to the trust and sold.

(ECF No. 1 at 5.)

On June 12, 2017, Plaintiff filed an "Affidavit for Temporary Injunctive Relief." (ECF No. 13.) The Court construed this as a motion for a TRO. (ECF No. 18 at 1.) The Court

1

concluded the motion "fail[ed] both procedurally and substantively" and denied it without prejudice. (ECF No. 18 at 2–3.)

On June 20, 2017, Plaintiff filed the instant motion. (ECF No. 22.) Plaintiff indicates that Defendant Carolyn Laws has "filed a request for elisor in the . . . Superior Court on May 17, 2017 to have the property in question in this case returned to the trust to be sold." (ECF No. 22 at 1.) He further indicates that a hearing is scheduled in that case on June 26, 2017. (ECF No. 22 at 1.) Plaintiff requests a TRO "enjoining and restraining the defendant from interfering with or proceeding with any action in the Superior Court, as this case is pending in Federal Court." (ECF No. 22 at 2.)

## II.     LEGAL STANDARD

The same legal standard applies to both preliminary injunctions and temporary restraining orders. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), *overruled on other grounds*, *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008). Preliminary injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).

## III.    DISCUSSION

Plaintiff seeks to enjoin an ongoing state court proceeding, Defendant's participation in it, or both. (*Compare* ECF No. 22 at 84–85 *with* ECF No. 1 at 5; *see also* ECF No. 22 at 1–2.) The practical effect is the same — "the requested relief . . . would effectively be staying the state court proceeding." *Hernandez v. Winstar Propoerties, Inc.*, No. 2:16-CV-04697-ODW-KS, 2016 WL 3869830, at *2 (C.D. Cal. July 15, 2016). Consequently, this motion is subject to the Anti-Injunction Act, 28 U.S.C. § 2283, which provides: "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Unless the sought-after injunction "falls within one of [the] three specifically defined exceptions" the Anti-Injunction Act serves as an "absolute prohibition against enjoining state court proceedings." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281,

286 (1970). "[E]xceptions to the Anti–Injunction Act must be construed narrowly and doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Plaintiff has made no effort to show any of these exceptions applies. Consequently, Plaintiff has not made a "clear showing" that he is "entitled" to a TRO. *Winter*, 555 U.S. at 22.

**IV.  CONCLUSION**

For the reasons discussed above, Plaintiff's motion for a temporary restraining order (ECF No. 22) is hereby DENIED.

IT IS SO ORDERED.

Dated: June 21, 2017

Troy L. Nunley
United States District Judge