UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. LAWS,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN LAWS,<br><br>    Defendant. | No. 2:17-cv-00369 TLN AC (PS)<br><br><br><br>ORDER |

Defendant's motion to set aside entry of default, ECF No. 12, came on for hearing on June 27, 2017. Plaintiff William J. Laws appeared in pro se. Counsel Wendy M. Gibson specially appeared for defendant Carolyn Laws.

The Clerk entered the default of defendant Carolyn Laws on April 7, 2017. ECF No. 8. Defendant seeks to have the entry of default set aside on grounds of defective service. A default may be set aside for "good cause." Rule 55(c), Fed. R. Civ. P. It is apparent that plaintiff's initial service of the summons and complaint was defective, in that Ms. Laws was served neither personally, nor by certified mail, nor by any other method specified by California law or Rule 4(e) of the Federal Rules of Civil Procedure. See ECF Nos. 6 (proof of service), 12. The court finds that the defective service constitutes good cause to set aside the default. See Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969) (good cause is demonstrated by a sufficient excuse for failing

////

1

to appear, the existence of a meritorious defense, and/or lack of prejudice to either party from setting aside the default).

Plaintiff has recently perfected service on Ms. Laws. See ECF No. 24. Counsel for defendant confirmed at oral argument that service is now complete.

Also before the court is plaintiff's motion captioned "Motion to Vacate a Request for Elisor in the Superior Court," ECF No. 14. The motion does not comply with Local Rule 230 and has not been noticed for hearing. At oral argument on the default matter, both parties were given an opportunity to be heard and agreed that plaintiff's motion could be decided without responsive briefing or further hearing. The motion will be denied as outside this court's authority. This court has the power to vacate matters from its own docket, but not from the dockets of state courts. Moreover, to the extent the motion effectively seeks to enjoin superior court proceedings regarding the subject trust property, that relief is barred by the principles first announced in Younger v. Harris, 401 U.S. 37, 45 (1971).[1] Alternatively, the motion is denied as moot; counsel for defendant represented at hearing that the superior court granted the petition for elisor on June 26, 2017.

Finally, the court notes that plaintiff has filed two documents styled as Oppositions to a motion to dismiss. ECF Nos. 15, 26. No motion to dismiss is pending. In her motion to set aside default, the defendant indicated the intention to file a motion to dismiss in the future. No such motion is presently pending. The opposition filings will therefore be stricken.

For the reasons stated above and at the hearing on defendant's motion, IT IS HEREBY ORDERED as follows:

1. Defendant's motion to set aside entry of default, ECF No. 12, is GRANTED and the Clerk is directed to set aside the entry of default (ECF No. 8);

2. Plaintiff's motion to vacate a state court matter, ECF No. 14, is DENIED;

---

[1] See Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (federal courts must abstain from interference in state court civil proceedings that (1) are ongoing; (2) implicate "important state interests"; and (3) provide an adequate opportunity to raise federal questions); see also Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir. 2004) (en banc) (recognizing implied fourth requirement that the federal court action would "enjoin the proceeding, or have the practical effect of doing so.").

3. Plaintiff's filings at ECF Nos. 15 and 26 are STRICKEN.

DATED: June 28, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE