UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. LAWS,<br><br>        Plaintiff,<br><br>   v.<br><br>CAROLYN LAWS,<br><br>        Defendant. | No. 2:17-cv-00369 AC<br><br><br>ORDER |

This case is before the undersigned by consent of the parties pursuant to 28 U.S.C. 636(c)(1). See ECF No. 31. This is one of two cases in which plaintiff William J. Laws has sought the intervention of the district court in a pending Solano County probate proceeding. In the probate matter, Solano Superior Court Case No. FPR 045231, plaintiff was removed by the court as trustee of his late mother's trust, following a finding that he had breached his fiduciary duty; Carolyn Laws, the wife of plaintiff's late brother and nominal defendant here, was appointed trustee; and title to certain residential property was ordered transferred from plaintiff to the trust. In Laws v. Laws, Case No. 2:17-cv-00525 JAM CKD, petitioner purported to "remove" the Solano County matter to federal court. That case was dismissed sua sponte for lack of jurisdiction. Id. at ECF Nos. 3, 13. The instant case, which also seeks relief from the probate court's jurisdiction and orders, was commenced on February 21, 2017, with the filing of a "Complaint and Request for Injunction and for Conversion of Property and for an Adjudication of

1

the Trust." ECF No. 1.

Federal courts are courts of limited jurisdiction, and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).

It is readily apparent that the district court lacks jurisdiction over this dispute. Probate and trust administration are governed by state law and fall within the exclusive jurisdiction of the state courts. The United States Supreme Court has long recognized that the federal courts have no jurisdiction over probate matters, and may not directly interfere with probate proceedings. Markham v. Allen, 326 U.S. 490, 494 (1946). The "probate exception" recognized in Markhan reserves to state courts the probate of wills and administration of decedent's estates. Marshall v. Marshall, 547 U.S. 293, 311 (2006). The instant lawsuit expressly seeks federal court exercise of jurisdiction over state probate proceedings and trust administration. Accordingly, the complaint must be dismissed sua sponte for lack of jurisdiction.

In the alternative, the complaint must be dismissed on grounds that it is so patently meritless that it cannot confer subject matter jurisdiction. See Hagans v. Lavine, 415 U.S. 528, 543 (1974) (a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed

sua sponte. . ."). The complaint here is frivolous because, for several reasons, no relief is legally possible in federal court.

To the extent that plaintiff seeks injunctive relief vis-à-vis a pending state court proceeding, such relief is barred by the Anti-Injunction Act. See 18 U.S.C. § 2283; Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).

To the extent that plaintiff seeks in effect, even if not in form, to enjoin or impede the ongoing probate proceeding, federal court interference is forbidden by Younger v. Harris, 401 U.S. 37, 45 (1971) and progeny. See Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) (federal courts must abstain from interference in state court civil proceedings that (1) are ongoing; (2) implicate "important state interests"; and (3) provide an adequate opportunity to raise federal questions); see also Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir. 2004) (en banc) (recognizing implied fourth requirement that the federal court action would "enjoin the proceeding, or have the practical effect of doing so.").

To the extent that plaintiff seeks to set aside the final judgment of a state court, his claims are outside the scope of federal jurisdiction independently of the probate exception. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923); see also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir. 1995). Relief from state court error comes through the state appellate courts, not through the lower federal courts. See Chick Kam Soo v. Exxon Corp., 486 U.S. 140, 146 (1988).

Finally, the court notes that although Carolyn Laws is the only remaining named defendant, plaintiff alleges that his rights were violated *by the state court*. Id. at 7. There is no legal theory under which Carolyn Laws could be liable for any deprivation of plaintiff's rights in or by the state court in its exercise of its judicial function. There are no different or additional facts, given the nature of the dispute, which could support a viable cause of action against Carolyn Laws or anyone else involved in the probate dispute. Accordingly, the complaint is frivolous as a matter of law and cannot be cured by amendment. The gravamen of this dispute is the substance of the probate proceeding, over which this court cannot exercise jurisdiction for the reasons previously explained.

1     In sum, the court lacks subject matter jurisdiction both because the complaint is frivolous and pursuant to the probate exception to federal jurisdiction.

    Accordingly, IT IS HEREBY ORDERED that this case is DISMISSED with prejudice.

DATED: July 12, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE